Burton, J.,
delivered the opinion of the court.
On the 21st of September, 1855, Daniel Hightower conveyed in trust certain real estate and slaves to one T. B. Thrall, to hold in trust for the benefit of. Jemima Hightower, the conveyor’s wife.
The considerations moving him to make this conveyance, as set out, quite at length, in the deed, were, that he was about to leave the State for an indefinite length of time, and that, in the event of his death during his absence, he was desirous of securing to his *95 wife the control and enjoyment of all his property of every description, in the city of Memphis, which had been acquired by their joint exertions. Further considerations expressed were, love and affection, the sum of ten dollars, and that the said Jemima had assumed to pay two hundred dollars of the conveyor’s debts.
The trustee was to hold the bargained premises for the sole and separate use, behoof, and benefit, of her, the said Jemima Hightower, her heirs and assigns, forever, free from the debts, contracts, or control of her husband, the aforesaid Daniel, and was to permit the said Jemima, her heirs and, assigns, to have the occupation, possession, and enjoyment of all the aforesaid real and personal property, and to receive the rents and profits of the same, &c.
Jemima Hightower died, leaving her husband, Daniel, surviving, and the sole question submitted to us upon an agreed state of facts, is, whether Daniel High-tower is entitled, as tenant by the courtesy, to a life estate in the lands conveyed in the aforesaid deed of trust.
Marriage, birth of issue capable of inheriting as heirs of Jemima, and her death, are all conceded, but it is contended that a husband cannot be tenant by the courtesy of real estate, the separate property of the wife.
The contrary of this proposition is settled law in Tennessee. In Morgan v. Morgan, 5 Madd., 408, it was. held that, as at law, where the wife during the coverture is seized .of an estate of inheritance, the husband, having had issue by her capable of inherit *96 ing the estate, is entitled to the courtesy.; so, where the wife is seized of an equitable estate of inheritance, and has issue capable of inheriting it, the husband is equally entitled to the courtesy.
It was further held, in that case, that she had an equitable estate of inheritance, notwithstanding the rents and profits were to be paid to her separate use for life; and that by the receipt of the rents she was seized of the estate; and, having issue capable of inheriting, the husband was. entitled to the courtesy.
Baker v. Heiskell, 1 Col., 641, was decided mainly upon the authority of the case just cited. In that case, the trustee was to receive all the rents and profits of the land, and to pay the same to the wife and her heirs. The wife further had the power of appointing the uses and trusts of the land; and having died without exercising it, surviving the husband, it was held that he was entitled to his courtesy.
The ody distinction, if it be one, between Baker v. Heiskell and the case in hand, is that in that case the property was settled by a decree in chancery, and in this case the settlement was made by the husband himself, who is claiming to be tenant by the courtesy.
It was by virtue of the deed made by the husband in this case to Thrall, that the wife became seized of an equitable estate of inheritance. By virtue of such seizin, and of the birth of issue, the husband became tenant by the courtesy initiate. The husband might, by his deed, have surrendered- his tenancy by the courtesy; but the question is, has he ■done so? He certainly, has divested himself of all *97 right .to the property during the coverture; foi'Vthe express' object of the conveyance was to secure'to bis wife the possession, control, and enjoyment of a 14 his property.
But we do not - think ’ that the deed looks to/ or provides for, • any settlement of the property beyond the life of the wife. The only effect of the provision that the trustee should holjd -for the benefit of her heirs and amffns,-'KT&a do vest-in her an estate of inheritance, the very circumstance that gives rise to the tenancy by courtesy. The provision could not have the effect of settling the estate upon her “heirs” or “ assigns.”
By a fair construction, then, we think that while Daniel Hightower, by this deed, did surrender to his wife during the coverture the rents, profits, and possession of this land, yet, as we have already said, he made no settlement, of £he estate bey.ond her lifetime. The death of the wife renders the tenancy by courtesy ’ consummate or complete.
- .Inasmuch, therefore, as this deed makes no. settlement of the land in the event of the wife’s' death, but provides only for her dominion and control over it during the coverture, the husband thereby abridged his estate for that period- only; and having survived her, he is entitled to take as tenant by the courtesy.
We See -ho reason why he shall not be taken-to'Save intended, when- he made this conveyance- to his wife, that she was to hold the estate as every estate of in- , ' '•! heritance is held by a wife; that is, subject to courtesy. ,- : -■ >;/
*98 This tenancy is an incident to the estate, created by the act of the law; and we think that the husband can deprive himself of it only by his own renunciation.
The Chancellor having held to the contrary, his decree will be modified upon this point, and the cause remanded to be proceeded in. We think, however, that the appellant should pay the costs of this court.
Let a decree be entered in accordance with this opinion.